UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCELINO CERRO HUERTA,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>PAMELA BONDI, et al.,<br><br>　　　　　Respondents. | Case No. 1:25-cv-00941-JLT-HBK (HC)<br><br>ORDER GRANTING IN PART PETITIONER'S APPLICATION FOR ISSUANCE OF ORDER TO SHOW CAUSE<br><br>(Doc. No. 3)<br><br>ORDER REQUIRING RESPONSE TO PETITION FOR WRIT OF HABEAS CORPUS, SETTING BRIEFING SCHEDULE, AND DIRECTING SERVICE OF DOCUMENTS<br><br>(Doc. No. 1) |

　　　　Before the Court is Petitioner Marcelino Cerro Huerta's counseled operative petition for writ of habeas corpus under 28 U.S.C. § 2241 docketed on August 1, 2025. (Doc. No. 1, "Petition"). On August 7, 2025, Petitioner filed an ex parte application for issuance of an order directing Respondents to show cause why Petitioner should not be released and show the "true cause of the [petitioner's] detention" pursuant to 28 U.S.C. § 2243 within three (3) days. (Doc. No. 3).

　　　　Petitioner is an immigration detainee in U.S. Immigration Customs and Enforcement

(ICE) custody at the Mesa Verde ICE Processing Center in Bakersfield, California, challenging his mandatory detention without a bond hearing. (*See* Doc. No. 1). The Petition asserts two claims: (1) Petitioner's detention is in violation of the Immigration and Nationality Act of 1952 because, as a noncitizen who previously entered the country and has resided in the United States prior to being apprehended and placed in removal proceedings, Petitioner should be detained under 8 U.S.C. § 1226(a) as opposed to the mandatory detention provision at 8 U.S.C. § 1225(b)(2), and (2) his detention without a bond hearing violates Petitioner's due process rights under the Fifth Amendment. (*Id*. at 15-16). As relief, the Petition requests *inter alia* that the Court assume jurisdiction over this matter; order Respondents to refrain from transferring Petitioner out of this Court's jurisdiction; and order Petitioner's immediate release from the custody of Respondents, or in the alternative, order Respondents to provide Petitioner with a bond hearing within seven (7) calendar days. (*Id*. at 16).

      The Court has conducted a preliminary review of the petition. *See* R. Governing § 2254 Cases 4; 28 U.S.C. § 2243. Under Rule 4,[1] a district court must dismiss a habeas petition if it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998). It is not clear from the face of the petition whether Petitioner is entitled to relief. 28 U.S.C. § 2243.

      Petitioner also requests that Respondent be ordered to show cause within three (3) days why Petitioner should not be released and the "true cause" of his detention pursuant to § 2243. However, Rule 4 provides that the district court shall order a response "within a fixed time." "It is long-established law that Habeas Rule 4 supersedes and overrides the prior enactment in § 2243 with regard to the time allowed for a response in § 2254 and § 2241 habeas proceedings." *Peters v. Wofford*, 2025 WL 1307796, at *1 (E.D. Cal. May 6, 2025) (collecting cases) (noting that in this district forty-five (45) days has been determined as a fair amount of time to respond).

---

[1] The Rules Governing Section 2254 Cases may be applied to petitions for writ of habeas corpus other than those brought under § 2254 at the Court's discretion. *See* Rule 1 of the Rules Governing Section 2254 Cases. Civil Rule 81(a)(2) provides that the rules are "applicable to proceedings for . . . habeas corpus . . . to the extent that the practice in such proceedings is not set forth in statutes of the United States and has heretofore conformed to the practice of civil actions." Fed. R. Civ. P 81(a)(2).

2

Regardless, in an abundance of caution and given the time-sensitive nature of Petitioner's claims, the Court will direct a response from Respondent no later than fourteen (14) days from the entry of this Order.

Accordingly, it is hereby **ORDERED:**

1. Petitioner's Application for Issuance of Order to Show Cause (Doc. No. 3) is **GRANTED in part**.

2. No later than **fourteen (14) days** from the date of entry of this Order, **Respondent** is **DIRECTED** to respond to the Petition and show cause why the petition should not be granted. A response may be one of the following:

    (A) An answer addressing the merits of the petition. This response, which may not exceed fifty (50) pages in length without the court's leave, must set forth the facts and procedural history of the case and address each ground, allegation, and argument raised in the petition. **Conclusory statements and summary arguments that petitioner is not entitled to relief are not acceptable responses.**

    (B) A motion to dismiss the petition. This limited response must include only portions of the record necessary for the court to decide the bar to a merits review.

3. Respondent is **DIRECTED** to electronically file all documents necessary for resolving the issues presented in the petition. *See* R. Governing Section 2254 Cases 5(c).

4. If Respondent files an answer to the petition, Petitioner may file a reply no later than **fourteen (14) days** of the date of service of Respondent's answer. The reply must not exceed twenty (20) pages without the court's leave. If no reply is filed within fourteen (14) days, the petition and answer are deemed submitted. The Court will not address new grounds raised in the reply. *See United States v. Cox* 7 F.3d 1458, 1463 (9th Cir. 1993).

5. If Respondent moves to dismiss, Petitioner must file an opposition or statement of non-opposition within **ten (10) days** of the date of service of Respondent's motion. Any reply to an opposition to the motion to dismiss

1  must be filed within **five (5) days** after the opposition is served.

2  6.  The Clerk of Court is directed to send an electronic copy of this Order and a

3      copy of the Petition and all exhibits on the Office of the United States

4      Attorney for the Eastern District of California, and to mail a copy of this order

5      to Petitioner.

6  7.  All motions shall be submitted on the record and briefs filed without oral

7      argument unless otherwise ordered by the Court.

Dated:   August 7, 2025

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

4