UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCELINO CERRO HUERTA,<br><br>Petitioner,<br><br>v.<br><br>PAMELA BONDI, et al.,<br><br>Respondents. | Case No.: 1:25-cv-00941 JLT HBK (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DENYING RESPONDENT'S MOTION TO DISMISS; AND GRANTING PETITION FOR WRIT OF HABEAS CORPUS IN PART<br><br>(Docs. 1, 9, 17) |

Marcelino Cerro Huerta is an immigration detainee in U.S. Immigration Customs and Enforcement custody at the Mesa Verde Processing Center in Bakersfield, California, proceeding with counsel on his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1, "Petition"). This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On January 9, 2026, the assigned magistrate judge issued Findings and Recommendations to deny Respondent's motion to dismiss and grant the Petition in part. (Doc. 17.) The Court served the Findings and Recommendations on all parties and notified them that any objections thereto due in 14 days. (*Id*.) In addition, the Court advised the parties that "failure to file objections within the specified time may result in the waiver of rights on appeal." (*Id*. at 5, citing *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014); *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

1    Respondent timely filed objections to the F&R on December 23, 2025. (Doc. 18.) The
2    objections consist of a single paragraph restating Respondents' argument in their motion to
3    dismiss that Petitioner is an applicant for admission and therefore subject to mandatory detention
4    under § 1225(b)(2)(A) and not entitled to a bond hearing. (Doc. 18.)

     According to 28 U.S.C. § 636(b)(1)(C), this Court performed a *de novo* review of this case. Having carefully reviewed the matter, the Court concludes the Findings and Recommendations are supported by the record and proper analysis. Petitioner, a citizen of Mexico, entered the United States without inspection and has been residing continuously here for more than 20 years without any contact with immigration authorities. (*See* Doc. 17 at 2.) He has three U.S. Citizen children and was detained by ICE in June 20205 after he was stopped for driving without a license. (*Id*.) The Court agrees with the magistrate judge that, contrary to Respondents' contention, he is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A), *see E.L.D.M. v. Becerra*, No. 1:25-CV-01906-DJC-JDP, 2025 WL 3707140, at *3 (E.D. Cal. Dec. 22, 2025) ("This Court rejects Respondents' argument and finds that the applicability of these provisions is governed by when and where a noncitizen encounters immigration enforcement officials."), and that he must be given a prompt bond hearing under the framework of 8 U.S.C. § 1226(a) or released.

     Based upon the foregoing, the Court **ORDERS**:

     1.  The Findings and Recommendations issued on January 9, 2026 (Doc. 17) are **ADOPTED** in full.
     2.  Respondents' Motion to Dismiss (Doc. 9) is **DENIED**.
     3.  The petition for writ of habeas corpus (Doc. 1) is **GRANTED in part**.
     4.  Respondents are **ORDERED** to provide Petitioner with a substantive bond hearing pursuant to 8 U.S.C. § 1226(a), at which the government shall bear the burden of proving the petitioner poses an unreasonable risk of flight or danger to the community if released, by **February 23, 2026**, or (2) release Petitioner under reasonable conditions of supervision.

///

5. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: __**February 9, 2026**__   _____
UNITED STATES DISTRICT JUDGE

3